UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBERT BROWN PATTERSON,
*Appellant,*

EUGENE N. HOOPER,
*Plaintiff-Appellant,*

v.

GEMINI ORGANIZATION, LTD.; ALLEN NASH; JANET NASH; RICHARD F. BODDIE; KYLE L. DONIFF; MERRITT LEE MURRAY; J. MICHAEL SLOCUM; LAW FIRM OF SLOCUM, BODDIE AND MURRAY, P.C.; JOHN C. DECKER; MARTHA BRITT; JAMES E. BRITT,
*Defendants-Appellees.*

No. 99-1537

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-97-1971-A)

Argued: September 29, 2000

Decided: November 17, 2000

Before WILKINSON, Chief Judge, and MICHAEL and
KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Robert Brown Patterson, Middleburg, Virginia, for Appellant. William Steven Paleos, PALEOS & KRIEGER, P.C., Alexandria, Virginia, for Appellees. **ON BRIEF:** Brian W. Cubbage, PALEOS & KRIEGER, P.C., Alexandria, Virginia; John C. Decker, II, Burke, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

On December 5, 1997, Eugene Hooper, represented by attorney Robert Patterson, sued eleven defendants, alleging that they improperly conspired to maintain a lien on Hooper's assets.[1] After the case had been pending for a year, Patterson moved to withdraw as counsel, claiming that he had a "potential" conflict of interest with Hooper. The district court denied the motion, Patterson refused to participate further in the case, and Hooper did not engage substitute counsel. Thereafter, the court entered orders dismissing the case and imposing Rule 11 and Rule 37 sanctions against Patterson and Hooper. They now appeal, asserting that the district court erred in denying Patterson's motion to withdraw. Patterson and Hooper argue that we should correct this error by vacating all orders that followed the denial of the withdrawal motion. Finding no error in the district court's refusal to allow Patterson to withdraw, we affirm.

---

[1]The defendants are Gemini Organization, Ltd., Allen Nash, Janet Nash, Richard F. Boddie, Kyle L. Doniff, Merritt Lee Murray, J. Michael Slocum, Law Firm of Slocum, Boddie and Murray, P.C., John C. Decker, Martha Britt, and James E. Britt.

I.

The defendants made a series of loans to Hooper during the 1980s. In 1995 the defendants brought a collection action in Virginia state court against Hooper, who was represented by Patterson. During the pendency of that action, Patterson sued Hooper for unpaid attorney's fees. After the jury had returned a verdict in favor of the defendants in the collection action, but before the entry of the final judgment order, Patterson obtained a $680,000 consent judgment against Hooper. The judgment, dated February 2, 1996, represented $400,000 in contingency fees and gave Patterson a superior lien to that of the defendants because a final judgment order had not yet been entered in the collection action. Patterson subsequently assigned his interest in the consent judgment to his wife. Patterson, his wife, and Hooper then filed a series of suits, apart from this action, designed to thwart the defendants' efforts to collect on the Virginia judgment. Patterson and his wife have been sanctioned twice, and Hooper once, for asserting frivolous arguments in these suits.

In the present action Hooper alleges that the defendants improperly conspired to maintain a lien on his assets. Early in the case, five of the defendants moved for summary judgment and Rule 11 sanctions. The district court granted the summary judgment motion, but later vacated its order after Patterson represented that he had additional evidence to support Hooper's claim. The defendants then sought discovery on the additional evidence Patterson claimed to have. As the deadline for the discovery responses approached, Patterson moved to withdraw from the case, claiming that he had a "potential" conflict of interest with Hooper because Patterson's wife held the outstanding consent judgment against Hooper. While his withdrawal motion was pending, Patterson ignored a court-ordered discovery deadline. This prompted the five defendants to renew their motions for summary judgment and Rule 11 sanctions. An additional defendant also moved to dismiss for failure to comply with discovery. While these motions were pending, the district court denied Patterson's motion to withdraw, and Patterson refused to participate in the case thereafter. The court once again granted the summary judgment motion of the five defendants; it also granted the additional defendant's motion to dismiss for failure to comply with discovery. And, Rule 11 and Rule 37 sanctions were imposed against Hooper and Patterson. Finally, the

remaining defendants moved for dismissal, and the court granted their unopposed motions. Patterson and Hooper now appeal.

## II.

Patterson and Hooper argue that the court abused its discretion in denying Patterson's motion to withdraw. They claim that because the court erroneously denied the motion to withdraw, Patterson was justified in refusing to participate in the case. The district court's error can be rectified, Patterson and Hooper argue, only if we vacate the court's subsequent orders of summary judgment and dismissal as well as the award of sanctions. We conclude that the district court was justified in denying Patterson's motion to withdraw.

The defendants argue that Hooper and Patterson waived any claim that the district court abused its discretion because Patterson failed to participate or take further action in the case after his withdrawal motion was denied. The defendants raise two points in support of their waiver argument. First, they say that Patterson should have sought immediate appellate review of the denial of his withdrawal motion rather than waiting until Hooper's claims had been dismissed. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (holding that the denial of a withdrawal motion is appealable under the collateral order doctrine); *cf. In re Dresser Indus., Inc.*, 972 F.2d 540, 546 (5th Cir. 1992) (granting writ of mandamus that directed trial court to disqualify plaintiff's counsel). Second, the defendants assert that Patterson, by refusing to represent Hooper any further in the case, violated Virginia Disciplinary Rule 2-108(C), which provides that counsel "shall not withdraw except by leave of court." Va. Code of Prof'l Responsibility DR 2-108(C) (1999).[2] We need not decide whether an attorney waives an objection to the denial of a withdrawal motion by refusing to participate or take further action in the case because we

---

[2]After final judgment was entered in this case, Virginia adopted the Virginia Rules of Professional Conduct in place of the Virginia Code of Professional Responsibility. Although Patterson's conduct was governed by the Code, we note that the current Rules of Professional Conduct also require an attorney to obtain permission of the court before withdrawing from representation. *See* Va. Rules of Prof'l Conduct R. 1.16(c) (2000).

conclude that the district court did not err in denying Patterson's withdrawal motion.

The denial of a motion to withdraw is reviewed for abuse of discretion. *See Whiting*, 187 F.3d at 320. In deciding whether to grant a withdrawal motion, a court may consider the disruptive impact the withdrawal would have. *See id.* Patterson alleged that he had a "potential" conflict of interest because of the outstanding consent judgment his wife held against Hooper. Patterson claimed that the outstanding judgment would affect his ability to conduct settlement negotiations on Hooper's behalf because he (Patterson) would be tempted to hold out for enough money from the defendants to satisfy the judgment. The possibility of conflict was minimal, however, at the time Patterson moved to withdraw. The defendants were adamant that settlement was out of the question. In opposing the motion to withdraw, the defendants stated, "There will be no settlement of any kind. The defendants will obtain a dismissal with prejudice and obtain sanctions—including Patterson's disbarment even if this means going to the Supreme Court. . . . And even if settlement were to proceed, Patterson could withdraw at that time." Moreover, Hooper wanted Patterson to continue with the representation. In addition to the unlikelihood that a conflict would develop, other factors weighed in favor of denying Patterson's motion to withdraw. Allowing Patterson to withdraw would have been quite disruptive. There were pending motions for summary judgment and for sanctions, and Patterson was knowledgeable about the case and the parties' history of dealings. A court-ordered discovery deadline had already passed. Further, Patterson knew of the alleged potential conflict when he filed this case, yet he waited a year (and until serious motions were pending) to seek withdrawal. The district court therefore did not abuse its discretion in denying Patterson's motion to withdraw.

As we have indicated, Hooper and Patterson's entire appeal hinges on whether the district court erred in denying Patterson's motion to withdraw as counsel. Because the district court did not err in that

decision, we affirm the judgment and the district court's award of sanctions against Patterson and Hooper.[3]

*AFFIRMED*

---

[3]The defendants have made a motion to us for sanctions against Patterson under 28 U.S.C. § 1927 and against both Patterson and Hooper under Fed. R. App. P. 38 for taking a vexatious and frivolous appeal. The defendants seek their attorneys' fees and expenses in defending this appeal, and they ask for double costs. We have considered the motion for sanctions, and we deny it.